EDWARD G. T. COLLES AND THOMAS WILKINSON v. CONRAD G. SWENSBERG ET AL.

*Conditional sale—Return of goods—Waiver.*

Plaintiffs resided at Chicago, where they manufactured a boiler-cleaning filter. Defendants were millers, residing at Grand Rapids. One of the plaintiffs called upon defendants, and made a written proposition to attach one of the filters to the boiler in defendants' mill, on trial for one year, for $300, the filter to be returned to plaintiffs at the end of that time if it proved unsatisfactory. The proposition was accepted, and the filter was shipped and attached to the boiler. Prior to the expiration of the year, defendants wrote plaintiffs that they had given the filter all the trial they cared to, and that it was subject to plaintiffs' order, and would be disconnected and delivered at any railroad depot plaintiffs might designate. A few days after receiving the notice, one of the plaintiffs called on defendants, and was informed that their decision was final,

and was referred to the engineer for the reasons for such decision, and was shown the box containing the filter, and informed by the engineer that it was held awaiting directions for shipment. No such directions were given, and defendants, several months after the expiration of the year, and after payment for the filter had been demanded and refused, shipped the filter to plaintiffs at Chicago, and gave them notice of such shipment. Plaintiffs wrote defendants, declining to receive the filter from the railroad company, and subsequently sued defendants to recover the $300, upon the theory that defendants were to have the filter on trial, and, in case it proved unsatisfactory, were to return it to plaintiffs *at Chicago,* and, having failed to do so at the end of the year, they were holden for its price. And it is held that the contract was entered into at Grand Rapids, and the filter there received, and that the most reasonable view that can be taken is that it was to be returned at the same place, but that, independent of this consideration, and conceding that it was defendants' duty to deliver the filter on board the cars consigned to plaintiffs at Chicago, they must be deemed to have waived the performance of that duty when they neglected to give such shipping directions.

Error to Kent. (Grove, J.) Argued January 21, 1892. Decided February 5, 1892.

*Assumpsit.* Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Taggart & Denison,* for appellants, contended:

1. The contract was complete; the minds of the parties met.
2. The contract was one of "sale or return," and in default of the stipulated return an action lies for the price; citing *Hotchkiss v. Higgins,* 52 Conn. 205, 210, 211; *Schlesinger v. Stratton* 9 R. I. 578; *Dearborn v. Turner,* 16 Me. 17; *Buswell v. Bicknell,* 17 Id. 344; *Hinchcliffe v. Barwick,* L. R. 5 Ex. Div. 177; Story, Bailm. § 439; Benj. Sales (4th Am. ed.), § 913 *et seq.;* Miller, Cond. Sales, § 44.
3. The time fixed in the contract for return expired, without actual return, May 20, 1889.
4. Defendants' offer to return was not the actual return contemplated, and did not satisfy the contract, which is that "you are to *return* it to *us.*" Plaintiffs' residence and place of business were at Chicago; the filter was shipped from Chicago; and

it should have been returned to Chicago, or at least on board the cars billed to Chicago.

*More & Wilson*, for defendants.

McGRATH, J. Plaintiffs, who were doing business at Chicago, Ill., called upon defendants at Grand Rapids, and wrote out and delivered to them the following proposition:

"GRAND RAPIDS, MICH., March 8, 1888.
"We propose to attach one of our improved No. 4 boiler-cleaning filters to your boiler, on a trial of one year from date of attaching it, for three hundred dollars. Should it not prove satisfactory, you are to return it to us at the expiration of said trial."

Defendants, on the same sheet with the foregoing proposition, wrote the following:

"We hereby consent to attachment of above machine as per terms of proposition, all work and connections to be furnished free of cost to us."

On April 24, 1888, plaintiffs wrote as follows:

"We shipped your filter, and a stand for same, by the Michigan Central R. R. to-day. We made arrangements with your engineer to connect it, for which we will pay him. Will you be good enough to have the filter and stand hauled to the mill at once, so that he can connect it without delay?"

The filter was hauled to the mill, and connected by the engineer. On July 18, 1888, defendants wrote to plaintiffs as follows:

"We started our steam plant a few days ago, and have given your filter all the trial we care to. It is subject to your order, and we will disconnect and deliver it to any R. R. depot you may designate. It would be useless to waste any time corresponding about it, for our minds are fully made up that we do not want to keep it, and we therefore write you at once to dispose of it elsewhere."

Plaintiffs did not reply to this letter, but early in August following Edward G. T. Colles, a member of plaintiffs' firm, called upon defendants at Grand Rapids, and talked with William N. Rowe, one of defendants, and Rowe thereupon informed said Colles that defendants' decision, as shown by said letter of July 18, 1888, was final, and that, if said Colles wished to know why defendants would not keep said filter, he should see Mack, the engineer. Colles thereupon went to the engine-room, and saw said Mack, and the latter informed him that he had disconnected said filter and boxed it up as directed by defendants. Mack also showed said Colles the box containing said filter, and a bundle of pipes and connections belonging to the same, and informed him that they were holding said articles waiting for shipping directions. No further communication between plaintiffs and defendants was had until the month of December, 1889, when said Colles called upon defendants, and demanded pay for said filter. Payment was refused, and on or about December 31, 1889, defendants shipped the filter to plaintiffs at Chicago, and notified plaintiffs, who wrote defendants, declining to receive it from the railroad company, and this suit was afterwards brought to recover its value.

Plaintiffs' contention is that defendants were to have the filter on trial, and, in case it should not prove satisfactory, they were to return it to plaintiffs at Chicago, Ill., and, having failed to return it at the end of the year, defendants were holden for its price.

The contract between the parties was entered into at Grand Rapids. The filter was received by defendants at Grand Rapids. The freight to Grand Rapids had been paid by plaintiffs, and there was no provision as to the payment of freight to Chicago by defendants. The most

reasonable view which can be taken of the agreement is that the filter was to be returned at the place where the contract was dated, and where the appliance was received. But, independent of this consideration, defendants had notified plaintiffs that they would deliver it at any depot which plaintiffs should designate; and plaintiff Colles had seen the filter boxed up at the mill, and was told that it was held awaiting shipping directions, but still he gave no sign. We are of opinion that the defendants did all that they were bound to do. Conceding that it was defendants' duty to put the filter on board cars consigned to plaintiffs at Chicago, plaintiffs must be deemed to have waived performance of that duty when they neglected to give the shipping directions asked for.

The judgment is affirmed, with costs to defendants.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.